878 F.2d 1431
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee.
v.
Lester R. DORTCH, Defendant-Appellant.
 No. 88-5670.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 22, 1989.
Decided June 30, 1989.
 
 Pamela Jean Games-Clark, for appellant.
 Thomas Oliver Mucklow, Office of the United States Attorney, for appellee.
 Before PHILLIPS, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lester R. Dortch appeals his conviction for possession of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), indicating that, in her view, there are no meritorious issues for appeal. Dortch has filed a supplemental pro se brief. In accordance with Anders, we have examined the entire record and find no meritorious issues on appeal. We briefly address the issues raised by counsel.
 
 
 2
 Under Jackson v. Virginia, 443 U.S. 307 (1979), there was sufficient evidence to convict Dortch. A significant amount of cocaine, approximately $6,500 in cash, portable scales and a syringe were found when officers executed a search warrant for Dortch's motel room. His fingerprints were on one of the plastic bags containing the substance. A police officer testified that the items seized pursuant to the warrant are typical possessions of a drug dealer.
 
 
 3
 There was probable cause to issue the search warrant. A motel maintenance man was working on malfunctioning air conditioners. To reach the air conditioner for Dortch's room, he had to remove a ceiling tile. It was in the area above the ceiling that he saw what he suspected was cocaine in plastic bags. The warrant was issued on the basis of the discovery. Clearly there was probable cause to suspect criminal activity. See Berger v. New York, 388 U.S. 41 (1967).
 
 
 4
 Dortch's remaining contentions warrant little discussion. The officer who testified that the paraphernalia seized were indicative of a drug dealer based this conclusion on 18 years' experience in narcotics that involved approximately 1000 drug purchases. The sentence imposed was well within statutory limits and within the guideline range. Dortch had possession and control of the seized items. He was the sole occupant of the motel room where the warrant was executed, and his fingerprints were on at least one bag containing cocaine.
 
 
 5
 Finding no merit in these arguments or in the supplemental contentions raised by Dortch, and finding no other error upon review of the record, we affirm the judgment of conviction. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A, counsel has the obligation to advise Dortch, in writing, of his right to petition the United States Supreme Court for a writ of certiorari and, if Dortch so desires, to prepare the necessary papers. We therefore deny counsel's motion to withdraw from further representation. We dispense with oral argument because the facts and legal arguments are adequately presented in the record and briefs and oral argument would not aid the decisional process.
 
 
 6
 AFFIRMED.